UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>    v. )<br>IAN FUHR, )<br>    Defendant. ) | CASE NO.   CR 05-391 RSM<br><br>DETENTION ORDER |

Offense charged:        CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCES

Date of Detention Hearing: November 22, 2005.

The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Ron Friedman and Rich Cohen.  The defendant was represented by Stephen Illa.

DETENTION ORDER
PAGE -1-

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the drug offense of Conspiracy to Distribute Controlled Substances.

The maximum penalty is in excess of ten years.

There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons: Using the factors below, under Title 18 § 3142 (g), the Court considered the following:

    (a) <u>The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug</u>. Here, the Defendant Ian Fuhr is alleged to have been the leader of this conspiracy to distribute cocaine, cocaine base and oxycodone and marijuana. This conspiracy was investigated through the use of a court-authorized wiretap. On the wiretap this defendant was heard arranging for the multiple deliveries of cocaine from co-defendant Carlos Ford. He also is heard on the court-authorized wiretap as soliciting the *killing* of another person as restitution for a drug debt owed to him. He is alleged to have purchased ten cell phones to equip other members of the conspiracy.

    (b) <u>The weight of the evidence</u>. Inasmuch as an electronic wiretap was used in this case with evidence of the defendant's voice recorded, along with the use of confidential informants who had direct contact with the defendant, the weight of evidence against

1                             this defendant is strong.

2           (c) <u>The history and characteristics of the person</u>, including:

3                  The person's character, physical and mental condition, family

4                  ties, employment, financial resources, length of residence in the

5                  community, community ties, past conduct, history relating to drug

6                  or alcohol abuse, criminal history, record concerning appearance

7                  at court proceedings, and whether at the time of the current

8                  offense or arrest, the person was on probation, on parole, on

9                  other release pending trial, sentencing, appeal, or completion of

10                 sentence of an offense under Federal, State, or local law.

11                 Here, the Government points to the defendant's involvement as

12                 dangerous inasmuch as he is heard soliciting the killing of

13                 another. He also is heard on the wiretap as committing himself as

14                 a "Hoover Crip forever."

15         (d) <u>Risk of danger to the community</u>.

16                 Here the government argues that in addition to the risk of

17                 continued involvement in drug sales and trafficking, this

18                 defendant poses a danger of committing violent crimes against

19                 others. In addition to what is stated above, this defendant's home

20                 was searched wherein assault weapons and revolvers were seized.

21     3) Based upon the foregoing information which is consistent with the

22          recommendation of U.S. Pre-trial Services, it appears that there is no

23          condition or combination of conditions that would reasonably assure

24          future Court appearances and/or the safety of other persons or the

25          community.

26

**It is therefore ORDERED**:

(l)  The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)  The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)  The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 25th day of November, 2005.

MONICA J. BENTON
United States Magistrate Judge