|   |   |   |
|---|---|---|
| 1 | | JUDGE MARTINEZ |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | NO. CR05-391RSM |
| v. | ) | ORDER CONTINUING TRIAL |
| IAN ELTON FUHR,<br>JASON JOHN FUHR,<br>ELIJAH VICTOR FUHR,<br>VICTOR EUGENE FUHR,<br>VALENTINO GUY,<br>CARLOS EDWARD FORD,<br>HENRY ORLANDO CASTRO,<br>COREY ALLEN BROWN,<br>ROY COLUMBUS GOLD III,<br>QUINTRAKEOUS CHERRY,<br>ERIC O'NEAL SOLIER,<br>MICHAEL DEVON RAY STEWART,<br>DEONDRA MCDUFFIE,<br>CARLOS MIGUEL WATSON,<br>DAVID WATKINS,<br>JASON LEE WARD,<br>JONAH TOPPS,<br>JOHN PELLUM,<br>PIILUA ETI,<br>MICHAEL R. COX,<br>RAEBURN GENE GAMBLE,<br>JOHNNIE BROWN,<br>LINDA M. RYE,<br>COLLEEN FLOCK,<br>SCOTT BRICKNER, and<br>ANTHONY STEVEN RODGERS,<br>Defendants. | ) | |

CR05-391RSM - 1
(.RJF/rjf)

## **ORDER**

In consideration of the Government's motion for continuance, filed with the concurrence of all of the parties in this matter, and there being no opposition thereto, the Court finds and rules as follows:  This Court finds as facts those facts set forth in the Government's Motion for Continuance filed on behalf of all parties.  Further, the Court finds that given the nature and seriousness of the charges in this case, and the desire by defense counsel and the defendants to obtain complete discovery, to have adequate time to review and consider the voluminous evidence in this case, to conduct adequate investigation, including submission of discovery requests to the Government, to consider defenses, and to research issues relevant to this case, including trial and disposition, and considering the ongoing efforts by the parties to resolve these cases through plea disposition, where mutually desired, this Court finds that the failure to grant the requested continuance so that counsel may adequately weigh issues related to resolution, and if necessary, prepare for trial, would unreasonably deny the defendants effective assistance of counsel and, despite due diligence by all parties, result in a miscarriage of justice.  Further, the Court further finds that given the volume and complexity of the evidence, the duration and extent of the alleged conspiracy, the number of defendants, and the disparate issues as to each defendant, it is unreasonable to expect either the Government or defense counsel to be prepared to go to trial within the time allotted.

The Court further finds, for the reasons set forth above, that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendants in a speedy trial.  For the foregoing reasons, the parties' motion for a continuance of trial is GRANTED.  Trial is reset for April 24, 2006, with the understanding that a status conference will be held in this case in April and that a new trial date is likely as to any defendants who remain in the case as of that time.  The new motion cut-off date is April 17, 2006.  The time from the filing of this motion for continuance, through the new trial date, is/are excluded under the Speedy Trial Act, Title 18, United States Code, Sections

1  3161(h)(8)(A) and (B)(i)(ii) and (iv) as to each defendant.

3      DATED this 18th day of January, 2006.

6      RICARDO S. MARTINEZ
7      UNITED STATES DISTRICT JUDGE